# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SUSAN H MELLO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:23-cv-01249-MTS |
| SAM PAGE, COUNTY EXECUTIVE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Susan Mello, a licensed attorney, filed this action in St. Louis County Circuit Court against St. Louis County, its County Executive, the Twenty-First Judicial Circuit Court of Missouri, and Judge Mary Ott. Apparently favoring federal court over the Missouri Circuit Court embracing its very territory, Defendants St. Louis County and County Executive Sam Page removed the action to this Court on October 04, 2023, pursuant to 28 U.S.C. § 1441(a). They maintain that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings one of her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

Plaintiff has moved to remand this action on multiple grounds. Plaintiff's briefing, along with her underlying Petition, are at times inarticulate at best. Because her Petition is so garbled at times, it is difficult to determine whether she pleaded a claim under the ADA. She maintains that she did not and that remand is therefore appropriate. She also argues, though, that this action should be remanded because all Defendants did not consent to Defendants St. Louis County and Page's removal of this action. Doc. [7] at 1; *see also* 28 U.S.C. § 1446(b)(2).

In response, Defendants St. Louis County and Page assert that Plaintiff's "consent argument is moot," since Defendants Ott and the 21st Judicial Circuit subsequently consented to removal. Doc. [15] at 2. But Defendants St. Louis County and Page provide no support, citation, or analysis for their assertion that the other Defendants' consent, which took place more than thirty-days after Defendants St. Louis County and Page were served, moots (or cures) this procedural defect. *Id.* That is to say, while Defendants Ott and the 21st Judicial Circuit filed that they consented to removal on October 12, 2023, see Doc. [18] at 2–3, Defendants St. Louis County and Page have failed to explain how this was a "*timely* filed written indication," given that Defendants St. Louis County and Page were served on September 08, 2023, Doc. [1] ¶ 2, and had only thirty-days to remove the action. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (quoting *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (emphasis added)); *accord Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012).

In *Getty Oil*, the U.S. Court of Appeals for the Fifth Circuit explained that "since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil*, 841 F.2d at 1263. In 2001, a panel of the U.S. Court of Appeals for the Eighth Circuit opined that *Getty Oil*'s first-served rule was not "particularly compelling," but it did so in a case deciding only that "later-served defendants" themselves have "thirty days from the date of service on them to file their notice of removal with the unanimous consent of their co-defendants," which is not the posture here. *See Marano Enters. of Kan. v. Z-Teca*

- 2 -

*Restaurants, L.P.*, 254 F.3d 753, 756–58 (8th Cir. 2001).  And, more recently, the Eighth Circuit has quoted *Getty Oil* approvingly.  *See, e.g.*, *Pritchett*, 512 F.3d at 1062.

All this is to say that, while the Court is not looking for ways to apply the removal procedural statutes in a "hypertechnical" manner, see *Christiansen*, 674 F.3d at 933, this issue cannot be summarily waved away as Defendants St. Louis County and Page have done.  *See, e.g.*, *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1174 (D.N.M. 2007) (characterizing removing-defendant's "subsequent attempt to cure" its failure to obtain consent of co-defendants as "irrelevant" because the attempt "occurred outside the thirty-day statutory period"); *Gruszka v. Keylien Corp.*, 4:13-cv-1532-CAS, 2013 WL 6858498, at *5 (E.D. Mo. Dec. 30, 2013) ("There is no controlling authority that provides that the procedural defect of untimely consent can be cured.").

The Court will provide Defendants St. Louis County and Page through **Friday, November 17, 2023**, to file a supplemental brief providing legal support and analysis for its position that Defendants Ott and the 21st Judicial Circuit's consent mooted or cured any procedural defects under 28 U.S.C. § 1446(b)(2).  Plaintiff and Defendants Ott and the 21st Judicial Circuit may file any responses no later than **Tuesday, November 21, 2023**.  No brief should exceed four pages.

So **ORDERED** this 14th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE