**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUSAN H. MELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01249-MTS |
| ) | |
| SAM PAGE, COUNTY EXECUTIVE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Susan Mello's Motion to Remand this action back to St. Louis County Circuit Court, where she filed a Petition against St. Louis County, its County Executive Sam Page, the Twenty-First Judicial Circuit Court of Missouri, and Circuit Judge Mary Ott. Doc. [7]. Upon consideration, after a complete review of the pleadings, motions, and other papers filed in this action, the Court will deny Plaintiff's Motion to Remand.

\*     \*     \*

Plaintiff, a licensed attorney acting pro se in this matter, filed suit in St. Louis County Circuit Court asserting three counts against all Defendants in a thirteen-page Petition. Doc. [3].[1] Within the Petition, she calls her three counts: "Personal Injury (non vehicle) premises liability personal injury" (Count 1); "Negligence per se" (Count 2); and "equitable and declaratory relief" (Count 3). As the Court previously

---

[1] Plaintiff entitled the document "Plaintiff's Petition for damages and declaratory judgment and equitable relief." Doc. [3] at 2.

has noted, her Petition, at times, is inarticulate at best.  But it seems to recount an injury she alleges she sustained at the courthouse in St. Louis County, the Twenty-First Judicial Circuit Court of Missouri.

Plaintiff states that she has "various conditions that would qualify as disabilities," and she made her situation known to "the court through its ADA coordinator."  Doc. [3] ¶ 10.  Despite making her conditions known to the court, the Petition states that, "[o]n or about Friday August 6. 2021, in a day of extreme heat , as made to move slowly due to the back condition, and where had limited and slow movements due to the SI joint issue and as result the sweat was painful on Plaintiff's raw eyes, Plaintiff was injured hitting her head on the wall affixed heavy metal hand dryer that was not safe , guarded, or protected."  *Id.* ¶ 11.  She apparently impacted with the dryer with such force that she "could feel the cartilage under her forehead separate," and her wound "continued to bleed and/or leak blood tinged fluids all day." *Id.* ¶ 12.

She "requested to leave to obtain medical care" but "County employees present" denied her request.  *Id.* ¶ 13.  Instead, she "was brow beaten, scorned and insulted."  *Id.*  She adds that they "retaliated against" her and "ignore[ed]" her "Title II grievances and assistance requests."  *Id.* ¶ 14.[2]  Count 1 and Count 2 in Plaintiff's Petition seek compensatory damages along with punitive damages.  And, in Count 3,

---

[2] *See Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016) ("Title II of the Americans with Disabilities Act prohibits public entities (which includes instrumentalities of state and local governments, like courthouses) from discriminating against qualified individuals with disabilities." (citing 42 U.S.C. § 12132)).

Plaintiff seeks "equitable and declaratory relief." *Id.* at 12.  More specifically, she seeks an "order to Judicial Circuit defendants" that "the courts comply with the duties in the the Title II ADA regulations," that "ADA coordinators are to assist," and that Plaintiff "is protected from retaliation or adverse treatment as a result of the injury." *Id.* at 12–13.  Count 3 in her Petition concludes, "[w]herefore Plaintiff prays judgment enter in her favor for a declaratory judgment as aforesaid confirming the judges are to comply with Title II, COR 18, the coordinators are to provide assistance and there is to be training and prohibition on retaliation, costs and such other relief as proper." *Id.* at 13.

Defendants St. Louis County and County Executive Page removed the action to this Court on October 04, 2023, pursuant to 28 U.S.C. § 1441(a), contending that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings one of her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[3]  Plaintiff disagrees.  She asserts that Count 3 "is based on Missouri law," including the "Missouri common law principle that in effect when assume a duty assume the duty to do so non negligently and properly."  Doc. [7] at 9. Thus, the Court must decide whether it has federal question jurisdiction over this removed action.

"Removal based on federal question jurisdiction, as in this case, is generally governed by the 'well-pleaded complaint' rule, which provides that federal

---

[3] With federal question jurisdiction over Count 3, this Court could then exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000).   Though Plaintiff's Petition, including Count Three, is jumbled, it is apparent that it presents a federal question on its face.   The Petition seeks an order from a court regarding Defendants' obligations and Plaintiff's rights under the ADA; it plainly presents a federal question.   *See, e.g.*, *Crawford v. Hinds Cnty. Bd. of Supervisors*, 1 F.4th 371, 373 (5th Cir. 2021) (suit for injunctive relief under Title II of the ADA regarding the "architecture of the Hinds County Courthouse"); *Hamer v. City of Trinidad*, 924 F.3d 1093, 1098 (10th Cir. 2019) (suit seeking declaratory judgment that city's sidewalks and curb cuts violated the ADA and seeking injunctive relief requiring city officials to remedy them); *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (suit for injunctive relief compelling county courthouse to comply with Title II of the ADA).   It may well be the case that Plaintiff did not intend to open the door to this Court's jurisdiction, but she seeks an order requiring Defendants to abide by federal law.   She was the master of her complaint, and she pleaded a federal question.   Defendants have a statutory right to remove the action to this Court.   *See* 28 U.S.C. § 1441(a).

Plaintiff raises two other points that she says call for remand.   First is an issue with the consent to the removal by all Defendants in this action, or, more specifically, the timing of the consent.   Pursuant to 28 U.S.C. § 1446(b)(2), in civil actions removed solely under 28 U.S.C. § 1441(a), like this one, "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Defendants St. Louis County and County Executive Page removed this action on October 04, 2023. Doc. [1]. Defendants the Twenty-First Judicial Circuit and Judge Ott did not join the Notice of Removal, *id.*, though they had been served on September 18, 2023, Doc. [1-1] at 25–26; Doc. [34] at 3. Within the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (quoting *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008)). And, on October 12, 2023, Defendants the Twenty-First Judicial Circuit and Judge Ott filed a document affirmatively consenting to removal. Doc. [14]. The question, then, is whether their filing constituted a "timely filed written indication" of consent to the removal. *See Pritchett*, 512 F.3d at 1062; *Christiansen*, 674 F.3d at 932. The Court concludes that it did.

While Defendants St. Louis County and County Executive Page were made aware of this action on September 08, 2023, they were not served until September 12, 2023.[4] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating

---

[4] In their Notice of Removal, Defendants St. Louis County and County Executive Page stated they were "served" in this action "[o]n or about September 8, 2023." Doc. [1] ¶ 2. They since have clarified that they were not *served* until September 12, 2023. *See* Doc. [34] at 3 n.2 (explaining Defendants St. Louis County and Page "were not served until September 12, 2023"); Doc. [1-1] at 23–24 (showing "Sheriff's or Server's Return" listing service on Defendants St. Louis County and Sam Page as "9-12-23").

the time within which the party served must appear and defend"); *see also Marano Enters. of Kan. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (recognizing "the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal").  Defendants the Twenty-First Judicial Circuit and Judge Ott's written consent, filed on October 12, 2023, came within thirty days of both their service on September 18, 2023 and of Defendants St. Louis County and County Executive Page's service on September 12, 2023.  *See* Fed. R. Civ. P. 6(a).  Since Defendants the Twenty-First Judicial Circuit and Judge Ott filed their written consent within thirty days of both dates of service in this matter, the Court will not needlessly enter the morass surrounding the timing of consent to removal.  *See, e.g.*, *Christiansen*, 674 F.3d at 932–33; *Couzens v. Donohue*, 854 F.3d 508, 514–15 (8th Cir. 2017); *see also* Doc. [30] (2023 WL 7553827).

Plaintiff's remaining ground for remand is equally unavailing.  Her argument is garbled but sounds in abstention.  *See* 17A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4241 (3d ed.).  She writes that "where the federal courts if have any authority would generally abstain from involvement and supervision of state court judges."  Doc. [7] at 12.  Her abstention argument misses the mark.  She fails to identify the type of abstention appropriate in this case either by name or by identifying the underlying principles of equity, comity, or federalism at play that would warrant abstaining in this action, see *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 525 (7th Cir. 2021), but, as best the Court can tell, she appears to be advancing a *Burford*-type abstention, suggesting this Court

avoid needless federal conflict with the administration of Missouri's (or St. Louis County's) affairs—even though she alleges they are not complying with federal law.

Whatever type of abstention Plaintiff seeks to raise, federal law imposes requirements on state and local governments through Title II of the ADA. As cited to above, federal courts may and do adjudicate these ADA claims, even when they involve state courthouses. *See, e.g.*, *Crawford*, 1 F.4th at 373 (suit for injunctive relief under Title II of the ADA regarding the "architecture of the Hinds County Courthouse"); *Shotz*, 256 F.3d at 1079 (suit for injunctive relief compelling county courthouse to comply with Title II of the ADA). Plaintiff has not at all explained why this action should be any different.

## CONCLUSION

Because the Court concludes it has subject matter jurisdiction over this action, there were no procedural defects to removal, and abstention is not warranted, the Court will deny Plaintiff's Motion to Remand.[5]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [7], is **DENIED**.

---

[5] Subsequent to her instant Motion to Remand, Plaintiff filed a Motion for Leave to File an Amended Complaint. Doc. [35]; *see also* Fed. R. Civ. P. 15(a)(2). Her proposed amended complaint seemingly removes the only federal question from this action, and, if it indeed does, it would divest this Court of jurisdiction over the action. *See Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 920 (8th Cir. 2023) (holding that "amending a complaint to eliminate the only federal questions destroys subject-matter jurisdiction"). Briefing on Plaintiff's Motion for Leave to File an Amended Complaint is not completed; thus, the Court expresses no opinion on it herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Out of Circuit Judge, Doc. [4], is **DENIED** as moot.

Dated this 22nd day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE