UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

SUSAN H MELLO                         )
  Plaintiff                              )
v
SAM PAGE et al                        ) 4:23-cv-01249
  Defendants

Plaintiff's    Motion to amend November 22, 2023 orders et al

Comes now Plaintiff and moves to amend the November 22, 2023 orders   et including to    the extent allowed submits same as a supplemental motion for remand and new motion for stay .[1]

---

[1] Plaintiff herein not only addressing issues in the ll/22/23 order including on abstention (on counts 1 and 2  the state law issues such as the need to interpret the statute abrogating immunity  as well as the involvement in pending court proceeding and supervisory control over pending state court actions ) and   the failure to address the factors for pendent jurisdiction as well as the extent to which Christiansen can be precedent , especially in light of subsequent Gruszka case which would be operative law of the district .  It also raises the  fact the defendant in failing to have sealed medical information which was part of the initial petition was its own fatal procedural defect, and confirm that the issues and need is on pending cases
 .  Plaintiff also submits same is proper where in addition to confirming statements in the Memos  such as footnote   on l0/ll/23 where confirmed there the gravamen and basis of the claim was having been injured at the court house ( especially where Plaintiff had not alleged met the ADA statutory definition or was as a covered party, did not seek to enforce ADA ) and confirmed same in the 11/20 amended petition/complaint the issue in count 3 was about   the lack of training on  basic concussion protocol and need to see those who are injured at the courthouse have the own protection and rights having :

  2. At all times pertinent, by reason of state common law and public policy

   As reason therefore Plaintiff submits same is proper in that

  1 .   Remand is proper where   Defendant failed to include the sealed portion of initial petition which is a  fatal defect procedural defects with the defendant to provide the entire  file .

   2. Remand is proper where while the court relied on the  the 2012 Christiansen case it cannot be precedent and where the court failed to consider by Oct 12, 2023

---

including as in Missouri Court Operating rules, including COR 18 , and having assumed the duties of providing a place of a public building where the public and other invitees are permitted or directed or required to be present at, said defendants owed a duty to see the personnel present were trained, able and ready to see to proper emergency medical treatment including to see have basic training on basic concussion protocols,
   3. Despite same , said defendants failed to see to there was proper training  or assistance when Plaintiff was injured, failed to see there was a proper procedure in place **once Plaintiff was injured with the concussion confirmed by medical documentation and even failed to see Plaintiff once injured was protected from adverse treatment, scorn and other mistreatment due to the injuries suffered August 6 2021.**
   4.  Plaintiff has and will be prejudiced by same   with   no adequate remedy at law  and where will be irrevocably harmed  if  relief in the form of an equitable declaratory judgment order to  defendants that confirming and declaring on all injuries they owe a duty to see to prompt , effective medical attention, to allow personnel attending court to be excused to obtain medical attention including to see about suturing a wound and protecting it from infection, that paramedics be promptly called , and that all personnel have training that there should be **no retaliation or adverse treatment from such courthouse injuries** with each set of defendants to **have a listed  person who is properly trained to assist those injured at the courthouse to assist in obtaining remedies and other assistance as work to recover from the wound and be allowed to do so without recrimination.** .

Plaintiff had already filed the Motion for remand.

    Christiansen directly had:...we recognize that this is a very close case and we are leery of establishing an overly elastic rule that strips the unanimity requirement of its utility. After all, the unanimity requirement serves important interests — it prevents duplicative litigation and bars one defendant from imposing his forum of choice on co-defendants. Esposito, 590 F.3d at 75. Thus, our holding is limited to the specific facts of this case. **We express no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of motion to dismiss (silent on removal) within thirty days of service, or the filing of a curative consent to removal after the thirty-day period.** We also emphasize that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct.  end of  quote   emphasis  added .

As  such it is not and could not be  authority .

   Instead as the court overlooks as Plaintiff noted 11/21 Gruszka v Keylien

remains the law and one of the key issues is where there was a Motion for remand

stating  :.
"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. See 28 U.S.C. § 1441(a) Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). The party seeking removal and opposing a motion to remand bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). Removal statutes are strictly construed and doubts are resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007)...
Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012)...
**Hurt v. District of Columbia, 869 F. Supp.2d 84, 87 (D. D.C. 2012) (remanding where co-defendant did not join notice of removal or file consent to removal until after plaintiff had filed motion to remand** ..
In making its decision, the Eighth Circuit chose not to express an opinion as to

3

whether the unanimity requirement may be satisfied by the filing of a curative consent to removal after the 30-day period. Id. ("[O]ur holding is limited to the specific facts of this case. We express no opinion regarding whether the unanimity requirement may be satisfied by the mere filing of motion to dismiss (silent on removal) within thirty days of service, or the filing of a curative consent to removal after the thirty-day period."). The appellate court did warn, however, "that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." Id. (emphasis added). In light of this directive and the fact that district courts have been instructed to strictly construe removal statutes and resolve doubts in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007), this Court believes that the correct course of action in this case is to remand the cause of action to state court. **See also Hurt, 869 F. Supp.2d at 87** . End of quote emphasis added

As in Hurt, supra:
 A failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff objects to that removal within the thirty days granted under 28 U.S.C. § 1447(c). Henderson v. Raemisch, 10-CV-335-BBC, 2010 WL 3282803, at *2 (W.D.Wis. Aug. 19, 2010) (citing Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003)); Daniel v. Anderson Cnty. Emergency & Rescue Squad, 469 F.Supp.2d 494, 496 (E.D.Tenn.2007). All doubts about removal should be resolved in favor of remand
 See Martin, 178 U.S. at 247, 20 S.Ct. 854The removal statutes are strictly interpreted in favor of state court jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 100-07, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Russell, 264 F.3d at 1050 ("There are several... bright line limitations on federal removal jurisdiction ... that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.")
   End of quote
https://scholar.google.com/scholar_case?case=4172034593787758323&q=hurt+v+district+of+columbia&hl=en&as_sdt=6,26

 Here the attempted consent was 10/12 after the 10/5 Motion for remand.

   3   Remand is proper where   as   Plaintiff noted on ll/10/23

4

while there may be some stray references to Title II or ADA, it was

not the basis of the claim, with Plaintiff never claiming in the petition

was a covered person under ADA, and with  Count 3 itself

(as Plaintiff noted even on l0/11/23 )

and as confirmed in the amended petition Count 3 par 2 the gravamen was that

was treated adversely because of the injury directly stating :


 said defendants failed and refused to see Plaintiff was provided the assistance as requested and **instead was allowed to be subjected to retaliation** and even scorn and derision **due to the injury.**
   **End of quote** [2]


4.  Remand is proper per   the abstention doctrine where as the court failed to

consider as  noted under the Younger doctrine abstention is proper when would

have to be involved in pending state cases ( as here), as well as   to set public

policy for state courts as a matter of equity and in construing state court rules for

those injured at the courthouse and to interpret and construe a state statute on

---

[2] While the  next par mentions Title II it is clear words are left out, such as "akin to" with no claim in any of the allegations defendants are subject to title II, owed duties under same, or Plaintiff was within the definition under same let alone seeking damages under same .

abrogation of immunity .[3] and where to the contrary the cited Driftless 7th Cir case does not have a requirement identify a particular kind of absention . It is also proper defendants by addressing same be deemed to have waived or abandoned such an issue , where the court should not be the one to advocate for them..

5 . Remand of counts 1 and 2 is proper where there are separate issues for pendent or supplemental jurisdiction that are not met and were not considered by the court especially where state law predominates

6. It is proper the order allowing the  Ott/ Circuit Motion to dismiss be filed out of time in violation of rule 81c be set aside . This is so where rule 43 requires evidence , there are required factors which include the reason of excusable neglect as required and no evidence  of any reason  as required by rule 43 , being a fact outside the record,   This is even more so where on ll/21 contrary to the claims in the Motion counsel admitted  on 10/6/23 received the motion for remand, and would be deemed to know of the removal,

7. It is proper the court's order denying the motion for an out of circuit

---

[3] This is in addition to other new state  legal issues that might be raised later of the extent to which the county that employs and pays the salary for personnel selected by the court is liable for their actions , as well as the joint liability of the circuit as akin to a tenant where state law requires the county provide the building and state law requires it meet certain codes.   This is even more so where the caselaw from the Allberry case as cited is itself recent ..

judge be set aside as one that was not submitted to the court herein, but which as noted would involved detailed involvement of the assignment of judges which as the court file show is moot where the Mo Supreme court already assigned a judge ready to take the case on upon remand .[4]

8. It is proper the court's order there is federal jurisdiction be set aside as contrary to fact and law where the court erred and no longer equitable where the court decided same on a petition it admitted had difficulty understanding , on which, Plaintiff offered to appear at oral argument and then did a ll/.20 amendment, and at most should have waited for same and at a minimum should grant a stay.[5]

---

[4] It even questioned why the Aug 2023 Motion was showing up as if filed in federal court , rather than as part of the state court file, and advised the court it was moot ,having:
 as in a 10/23/23 casenet e notice on 10/17/23 Missouri Supreme Court Justice Mary Russell signed the order appointing Judge Michael Colona of the St Louis City Circuit to the case finalizing the relief sought in the motion. End of quote
Yet as if by rote , there was an order denying same.

[5] This is especially so where even on ll/10/23 Plaintiff noted in

 footnote 10 how the count 3 of the Aug 2023 petition was

 ...Not mentioning or claiming retaliation in violation of ADA or MHRA which needs to be for having opposed practices but public policy retaliation against someone who is injured at the courthouse .end of quote

7

---

And footnote having:

..On which while mention same, does not allege or contend same is due  because are subject to ADA ,  but   instead sets out the basis as having assumed same as in state court  COR 18 and other laws and rules ( which in state court could be only state court rules ) , and that from  same they need to have the equivalent of ADA training ,.

   It also sets out how as above as directly in count 3 par 2 igt  kind of adverse treatment and retaliation sought to be protected from was' **retaliation or adverse treatment as a result of the injury**", not retaliation from having sought accommodation, complained of or opposed   discriminatory policies in violation of ADA or otherwise having asserted ADA rights .  End of quote

     This is further so where as the court overlooked not only was the COR adopted in 1990s, well before 2004 case of Tennessee v Lane confirming ADA applies to the state courts but count 3 relied onm state common law  public policy (in addition to statutes protecting those injured such as on the job , same as would not allow a store , bus or other place to mistreat someone who had to be at a public policy because of an injury ) with reference to   COR 18 which is for all kinds of harassment and reliation, not just those listed having ::

 The manifestation of bias or prejudice or the engagement in harassment in the performance of court duties impairs the fairness and impartially of court proceedings, brings the judicial system into disrepute, and is unacceptable in the courts of the State of Missouri.

All court employees shall perform court duties without manifesting bias or prejudice or engaging in harassment. Court employees shall not, in the performance of court duties, by words or conduct, manifest bias or prejudice, or engage in harassment, **including but not limited** to bias, prejudice, or harassment based upon race, sex, gender, gender identity, reliion, national origin, ethnicity, disability, age, sexual orientation, or marital status.

[6]. This is especially on something as important as jurisdiction,, the court should have allowed plaintiff a chance to clean up or clarify the petition, especially where would have had an automatic right to same in state court and where

---

(Adopted October 25, 1994, effective July 1, 1995; July 18, 2019, eff. July 18, 2019.)

 End of quote   .

   The court also overlooked that Plaintiff did not just address the issues   in the Motion for remand but in the other filings.

[6] It is further proper and equitable for  the court amend the public order to take out the references to the injuries , as contrary to the court rules where medical information is to be keep private as in the public policy in HIPAA, is sealed in state court, and where as noted on ll/20, in the footnote it would be wrong , inequitable and even a form of cruel and inhumane treatment  to attack a person for errors made when ill or injured.  This is especially so where in the ll/20 Motion Plaintiff confirmed same :
   The undersigned who has had vision and physical issues, including a lingering form of bronchitis and did not realize how ill had been or the impact same had on her ability to go back and proof drafts, did see there were a number of  typo and other errors that wish to correct .  End of quote
   This is even more so where as would be expected especially for someone over age 65, the lingering effects on the concussion injury including as to work forming, memory are worsened when physically ill.   The attached is an excerpt from an MD letter as filed in a state court action where   for medical reasons was unable to attend a court hearing even as of    8/25/23, two days after the 8/23/23 initial petition.

confirmed on ll./20   did say when ill and had other typos and errors showing Plaintiff had difficulty as preparing same[7]

The stay should at least be until the above issues can be addressed , the motion to amend the petition briefed and addressed and the issues om the pendent claims addressed .

Without   same Plaintiff will be unduly prejudiced , this is especially so where not only is there much more briefing, but where there is no ADA coverage , and where would have an automatic right to an amendment in state court .

---

[7] It is further proper and equitable for  the court amend the public order to take out the references to the injuries , as contrary to the court rules where medical information is to be keep private as in the public policy in HIPAA, is sealed in state court, and where as noted on ll/20, in the footnote it would be wrong , inequitable and even a form of cruel and inhumane treatment  to attack a person for errors made when ill or injured.  This is especially so where in the ll/20 Motion Plaintiff confirmed same :
   The undersigned who has had vision and physical issues, including a lingering form of bronchitis and did not realize how ill had been or the impact same had on her ability to go back and proof drafts, did see there were a number of  typo and other errors that wish to correct . End of quote
   This is even more so where as would be expected especially for someone over age 65, the lingering effects on the concussion injury including as to work forming, memory are worsened when physically ill.   The attached is an excerpt requst be sealed  from an MD letter as filed in a court action where   for medical reasons was unable to attend a court hearing even as of   8/25/23, which recall as two days after the 8/23/23 initial petition.

Wherefore Plaintiff moves for the above and all relief.

BY____/s/ Susan H Mello

Susan H. Mello #31158

415 Tuxedo

St Louis, MO 63119

(314) 721-7521

SusanMello@Gmail.com

Plaintiff pro per

 Verification

 Comes now Plaintiff per  28USC 1746 I confirm the prior statements made under penalties of perjury were per same and   declare ( under penalty of perjury under the laws of the United States of America that the foregoing facts and those in the Memo on this motion are  true and correct, that there are pending cases, that I would have known how to do an ADA cause of action if had intended same , and the copies are true copies

 /s/ Susan H Mello .

Certificate of Service

The undersigned served   defendants through the court's e service on 11/28/23 /s/

Susan H Mello