**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SUSAN H. MELLO,                          )
                                         )
      Plaintiff,                     )
                                         )
    vs.                                )          Case No. 4:23-cv-01249-MTS
                                         )
SAM PAGE, COUNTY EXECUTIVE,              )
*et al.*,                                )
                                         )
      Defendants.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis County and County Executive Page's Motion to Dismiss, Doc. [8], and Defendants the Twenty-First Judicial Circuit and Judge Ott's Motion to Dismiss, Doc. [16].  For the reasons stated herein, the Court will grant both Motions in part, dismiss Plaintiff's claims arising under the Americans with Disabilities Act with prejudice, and decline supplemental jurisdiction over the remaining claims arising exclusively under Missouri law.

\*       \*       \*

Plaintiff, a licensed attorney acting pro se in this matter, filed suit in St. Louis County Circuit Court asserting three counts against all Defendants in a thirteen-page Petition, which describes an incident where Plaintiff alleges she was concussed after hitting her head on a wall-affixed hand dryer in the bathroom of a St. Louis County courthouse.  Within her Petition, Plaintiff called her three counts: "Personal Injury (non vehicle) premises liability personal injury" (Count 1); "Negligence per se" (Count 2); and

"equitable and declaratory relief" (Count 3).  Doc. [3].  Defendants St. Louis County and County Executive Page removed the action to this Court pursuant to 28 U.S.C. § 1441(a), contending that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brought one of her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  Doc. [1].  Plaintiff moved to remand this action, arguing, among other things, that she based her claims exclusively on Missouri law.  Doc. [7] at 9.  This Court denied Plaintiff's Motion to Remand because a federal question was present on the face of Plaintiff's Petition, which sought an order regarding Defendants' obligations and Plaintiff's rights under the ADA.  Doc. [39] (2023 WL 8112460); *see also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) ("The general rule—known as the 'well-pleaded complaint rule'—is that a complaint must state on its face a federal cause of action in order for the action to be removable on the basis of federal-question jurisdiction.").

Now, on Defendants' Motions to Dismiss, the Court considers a different question: whether Plaintiff stated a claim upon which relief can be granted.[1]  The Court concludes Plaintiff's claim arising under federal law does not state a claim upon which

---

[1] The conclusion that a complaint states a federal cause of action on its face does *not* mean that the complaint states a federal cause of action upon which relief can be granted.  *Carrabus v. Schneider*, 119 F. Supp. 2d 221, 227–28 (E.D.N.Y. 2000), *aff'd per curiam*, 13 F. App'x 33 (2d Cir. 2001) (explaining that "merely having pleaded a federal question that establishes proper subject matter jurisdiction . . . does not automatically imply" that a plaintiff's claim "will survive Rule 12(b)(6) scrutiny"); *see also Shafizadeh v. BellSouth Mobility, LLC*, 189 F. App'x 410, 412 (6th Cir. 2006) (per curiam) ("That [the plaintiff] asserted a weak claim (or even a fatally flawed claim) . . . does not prove that [the defendant] improperly removed the claim."); *cf. Nw. S.D. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (explaining that as long as a federal claim is "not wholly insubstantial and frivolous," a district court has jurisdiction to "determine whether [a plaintiff] stated a cause of action upon which relief could be granted").

relief can be granted.  Indeed, Plaintiff acknowledges that she has not stated a claim upon

which relief can be granted under the ADA.  *See* Doc. [54-1] at 13 (Plaintiff asserting "a

close review of ADA even confirms Plaintiff was correct to not include or proceed on

any claim involving ADA . . . where it was be hard to claim the injury was at disability in

the immediate aftermath, where it was evolving , bleeding, headache the black wall

where could recall what was said, difficulty reading from documents, more symptoms as

brain sought to deal with the hard hit and effect of being sloshed inside"); *cf.* Doc. [13] at

14 (Plaintiff asserting "there is no ADA claim" in her Petition).   Since Plaintiff has

abandoned the ADA claim included on the face of her Petition,[2] the Court will dismiss

the claim with prejudice.  *See, e.g.*, *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir.

2007); *McClain v. Lynchburg City Sch.*, 531 F. Supp. 3d 1115, 1118 (W.D. Va. 2021);

*Echols v. Select Beverages, Inc.*, 64 F. Supp. 2d 807, 809 n.1 (S.D. Ind. 1998).

The ADA claim in Plaintiff's Petition was the only claim arising under federal

law.  *See* Doc. [1] ¶¶ 4, 6.  Since the Court has determined that Defendants are entitled to

dismissal of the only claim arising under federal law, the Court now will determine

whether to retain or to decline jurisdiction over the remaining claims in this case, which

all arise under Missouri law.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff's state law claims are

---

[2] The abandonment of her ADA claim—like her post-removal "verifications" that she did not
include an ADA claim in her Petition, see, *e.g.*, Doc. [45] at 11—has no effect on the Court's
subject matter jurisdiction.  *See* 13D C. Wright & A. Miller, *Federal Practice and Procedure*
§ 3566  (3d ed.) ("[T]he court, in determining whether the case arises under federal law, will
look only to the claim itself and ignore any extraneous material.").  Plaintiff only could have
destroyed subject matter jurisdiction by filing an amended complaint that eliminated all federal
questions.  *See Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 920, & n.2 (8th Cir.
2023); *cf.* 28 U.S.C. § 1367(c)(3) (allowing for supplemental jurisdiction over state law claims
even when all claims over which a district court had original jurisdiction have been dismissed).

before the Court based on supplemental jurisdiction under 28 U.S.C. § 1367(a), which provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."   When supplemental jurisdiction over a claim exists under § 1367(a), a district court may decline to exercise supplemental jurisdiction when, like here, the court has dismissed all claims over which it has original jurisdiction. § 1367(c)(3).

A district court's decision to exercise supplemental jurisdiction in cases with this posture is "purely discretionary." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009).  But, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

Finding no factor that distinguishes this case from the usual case in which all federal-law claims are eliminated before trial, the Court declines to exercise supplemental jurisdiction over the remaining claims in this case under 28 U.S.C. § 1367(c)(3).  *See, e.g.*, *Bhattacharya v. Bd. of Regents of Se. Mo. State Univ.*, 1:22-cv-00043-MTS, 2022 WL 17844457, at *10–11 (E.D. Mo. Dec. 22, 2022).  The Court therefore will remand

this action to the St. Louis County Circuit Court, the Twenty-First Judicial Circuit of Missouri.  *See Carnegie-Mellon*, 484 U.S. at 357; *see also Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 644 (8th Cir. 2008) ("A district court has discretion to remand or dismiss a plaintiff's state law claims when the federal character of a case has been eliminated.").[3]

One loose end remains, Plaintiff's Motion to Seal.  Doc. [53].  Plaintiff seeks to "seal the file" or "redact," "use initials," and "remove" the Court's previous Order "from public sites" because this "case relates to an injury private and confidential information on nature of injuries physical condition and medical information."  *Id.* at 1.  Previously, the Court summarily denied Plaintiff's meritless request "to take out the references to [her] injuries" in the Court's other Orders.  Doc. [45]; *see also* Doc. [47].  Neither Plaintiff's latest Motion, which totals thirteen pages, nor the Memorandum in Support of her latest Motion, which totals sixteen pages, cites a single case that supports her request. Rather, she asserts policy arguments, like the "public policy in HIPAA,"  Doc. [55] at 1, while altogether ignoring the public's constitutional and common-law rights of access to the courts.

Her failure to cite even a single case that supports her proposition plainly identifies her Motion to Seal as meritless, and a review of the law shows it indeed is. HIPAA neither applies nor supplies a basis for sealing the medical information Plaintiff

---

[3] In declining to exercise supplemental jurisdiction over the remaining claims arising under Missouri law and remanding this action, the Court expresses no opinion on the merits of the remaining claims.  Nor does the Court express any opinion on the unaddressed grounds of Defendants' Motions to Dismiss, which the Court will deny *without* prejudice.

put at issue in this action. *See United States v. Mooring*, 4:19-cv-00617-SRC, 2021 WL 1313071, at *1 (E.D. Mo. Apr. 8, 2021) (citing 42 U.S.C. § 1320d-2 & 45 C.F.R. § 164.103). Neither the Court nor anyone else required Plaintiff to put her medical information in controversy; she has chosen to do so. *See id.*; *see also Schramm v. Metro. Life Ins. Co.*, 5:23-cv-00163-PRL, 2023 WL 3320086, at *1 (M.D. Fla. May 9, 2023) ("By filing this action . . . Plaintiff has placed her own medical condition squarely at issue."); *Lindsay v. Pa. State Univ.*, 4:06-cv-01826-JFM, 2008 WL 11367524, at *1 (M.D. Pa. July 22, 2008) (rejecting an "extremely adamant" plaintiff's argument regarding "the privacy" of her medical condition she "voluntarily elected to put . . . at issue" by bringing her claim).[4] The Court will, once again, deny Plaintiff's Motion to Seal.

For these reasons,

**IT IS HEREBY ORDERED** that Defendants St. Louis County and County Executive Page's Motion to Dismiss, Doc. [8], and Defendants the Twenty-First Judicial Circuit and Judge Ott's Motion to Dismiss, Doc. [16], are both **GRANTED in part** and **DENIED without prejudice in part**. The Motions are **GRANTED** in that all claims in

---

[4] Plaintiff also argues that "the public disclosure" of her medical information "would be especially harmful" to her because she is "a self employed lawyer." Doc. [55] at 1. But detailed personal medical information routinely is included in federal court opinions, including, for example, cases in which individuals seek disability benefits from the Social Security Administration. *See, e.g.*, *Swarthout v. Kijakazi*, 35 F.4th 608, 610–12 (8th Cir. 2022); *Epps v. Kijakazi*, 654 F. Supp. 3d 856, 863–64 (E.D. Mo. 2023); *see also, e.g.*, *Purdy v. Berryhill*, 887 F.3d 7, 10–14 (1st Cir. 2018) (Souter, J., for the Court); *Raymond v. Astrue*, 621 F.3d 1269, 1271–74 (10th Cir. 2009) (Gorsuch, J., for the Court); *Kohler v. Astrue*, 546 F.3d 260, 261–64 (2d Cir. 2008) (Sotomayor, J., for the Court). Plaintiff does not explain why her status as a lawyer should afford her preferential treatment over other litigants, like those seeking disability benefits.

this action arising under the Americans with Disabilities Act are **DISMISSED with prejudice**.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and, therefore, the Motions are **DENIED without prejudice** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Amended Petition, Doc. [35], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay, Doc. [48], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Added Time to Submit Amended Petition, Doc. [51], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, Doc. [53], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion to Remand, Doc. [56], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Protective Order, Doc. [58], is **DENIED**.

Contemporaneously with this Memorandum and Order, the Court will enter an Order of Remand remanding Plaintiff's remaining state law claims.

Dated this 8th day of December 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE